# CHARLESTON.

STATE *v.* WYOMING COUNTY BANK *et al.*
STATE *v.* FIRST NAT. BANK OF MULLENS *et al.*
STATE *v.* BANK OF MULLENS *et al.*

(Nos. 6607-6609)

Submitted May 6, 1930.   Decided May 13, 1930.

*Bailey & Shannon,* for plaintiffs in error Wyoming County Bank, E. Price Rose, R. D. and Lee P. Bailey, F. H. and F. E. Shannon, John D. Farmer, W. R. Shumate, W. M. Lewis, R. F. Wildey, W. H. Ruby, Grover C. Worrell, and Rezzonico.
*Grover C. Worrell* and *D. D. Moran,* for the State.

WOODS, JUDGE:

These three actions were brought on separate surety bonds given under section 51, chapter 39, Code, by the Wyoming County Bank, the First National Bank of Mullens, and the Bank of Mullens, respectively, all designated county depositories and now in the hands of receivers, to recover, by reason of said banks' failure to safely keep and pay over on proper order all public moneys of the county deposited therein. The writs of error are prosecuted by the several sureties, against whom judgments were taken.

The sureties take the position that the declarations and motion for judgment were insufficient in law in that they failed to allege an entry of an order by the county court directing the prosecuting attorney to institute the several actions. In support of such position several cases are cited involving actions in debt on a sheriff's bond, all of which held that the declaration must allege in effect that the county court did make an order and duly entered the same of record, in which order it directed the said sheriff to pay the said several sums of money due and owing from him as sheriff over to his successor in office, etc. In those cases such an allegation was required in order to show that the sheriff had defaulted, since he was not authorized to pay out any moneys except on such an order of the court. *State* v. *Hays,* 30 W. Va. 107, 3 S. E. 177.

While section 51, chapter 39, Code, provides that an action "shall lie on such [surety] bond at the instance of the county court, or the sheriff," it nowhere requires an order of the county court directing the institution of such suit. The motion for judgment in the first-named case, and the declarations in the other two, all allege a breach of duty on the part of the several banks, in that they so conducted their business that their doors were closed by governmental authority. The liability of the several bondsmen rests upon this breach of trust and consequent inability of the banks to pay over on proper order all public moneys, and is not dependent upon an order directing the bringing of suit. Whether or not a declaration or a notice of motion failed to set out such an authorization would in no wise add to or subtract from the breach. We are therefore of opinion that the allegation was immaterial, and that the judgments entered in the three cases should be upheld.

*Affirmed.*